471 P.2d 761

STATE COMPENSATION FUND—Insurer of Arizona Highway Department, Petitioner,

v.

Sam FAULISI, Respondent Employee, The Industrial Commission of Arizona, Respondent.

No. I CA–IC 365.

Court of Appeals of Arizona, Division 1, Department A.

July 2, 1970.

Rehearing Denied Sept. 24, 1970.

Review Denied Nov. 24, 1970.

---

Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, State Compensation Fund, for petitioner.

Spencer K. Johnston, Phoenix, for respondent employee.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

STEVENS, Judge.

This case is before the Court by writ of certiorari brought by the State Compensation Fund to review the lawfulness of an award and findings of The Industrial Commission issued 22 October 1969, granting the injured workman continuing medical benefits and compensation. This case is decided under the law as it existed prior to 1 January 1969.

The question before the Court is whether the award of The Industrial Commission is reasonably supported by the evidence.

The facts necessary for a determination of this matter are as follows. The respondent employee described his industrial accident this way, "I was lifting a bag of peat moss [75 to 80 pounds]. All of a sudden I heard a crack in my back. I pass out. I lay up against the box. My partner says, 'Go to the doctor.' Also Carl Hauser told me I should go to the doctor right away." Respondent also stated that he stayed on at work in the afternoon, but couldn't do anything. He stated he couldn't lift anything, he couldn't move. The accident occurred on 28 December 1967.

On 6 January 1969 the Commission issued its "findings and award for continuing benefits and establishing average monthly wage." Therein the fact of an industrial accident and the amount of the average monthly wage of the petitioner were established. This award became final.

In the further processing of the claim, we find an award of 6 March 1969, a request for a hearing and a hearing. The Commission entered a further award on 13 August 1969 which vacated the 6 March 1969 award and provided, in part:

"IT IS FURTHER ORDERED that said applicant is entitled to further medical benefits and compensation, as may be indicated, in connection with injury of December 28, 1967."

This award contained a 20-day clause.

The Fund filed a timely petition addressed thereto stating "no hearing requested legal reconsideration only." On 22 October 1969 the Commission entered its "decision upon rehearing denying rehearing and findings and award for continuing benefits." By this award the Commission again vacated the 6 March 1969 award and repeated the above-quoted portion of the 13 August 1969 award. The 22 October 1969 award contained a 30-day clause and it is this last-named award which is before this Court for review. It is noted that the Commission has not reached a final determination as to whether the petitioner sustained a permanent physical functional impairment as a result of the heretofore adjudged industrial incident of 28 December 1967.

This Court does not find it necessary to set forth an analysis of the evidence. We are again faced with a consideration of the distinction between medical causation and legal causation.

It is the opinion of this Court that the respondent employee has established by reasonable medical evidence a legal causation between his industrial accident and his continuing disability as the result of his degenerative arthritis.

Harking back to Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963), the Supreme Court described at length the difference between medical causation and legal causation. In Tatman the Court

quoted from Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960):

"'* * * The difference in the medical and legal concept of cause results from the obvious differences in the basic problems and exigencies of the two professions in relation to causation. By reason of his training, the doctor is thinking in terms of a single, precise cause for a particular condition. The law, however, endeavors to reach an inference of reasonable medical certainty, from a given event or sequence of events, and recognizes more than one cause for a particular injurious result. In the law of torts, it is said that the tortfeasor is not entitled to a perfect specimen upon which to inflict injury. Likewise, in the field of Workmen's Compensation, the employer takes his employee as he is. In legal contemplation, if an injury, operating on an existing bodily condition or predisposition, produces a further injurious result, that result is caused by the injury. (Citations Omitted).'

"And

"'The injury need not be the sole cause of disability, if it is a producing cause. (Citations Omitted).'" 94 Ariz. at 168, 382 P.2d at 575.

Tatman also uses this example:

"* * * Let us take a fifty year old man who has been walking all his life on the brink of a precipice. He has walked close to the brink but he has kept his footing. Along comes some one who gives this man a push—not much of a push but just enough to make him lose his balance and plunge over the edge. It may not have been enough of a push to make a different person lose his balance. Medical cause would measure the force of the push and decide that the main reason for the plunge was that the man was too near the brink. For legal cause it is enough to show that but for the push the man could have kept on walking for even one more step. In the latter case the person who pushed the man

must pay for all injuries resulting to him from his plunge." 94 Ariz. at 169, 382 P.2d at 575, 576.

The award of The Industrial Commission is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.